1  D. Justin Harelik (SBN 236710)
   **Westgate Law**
2  15760 Ventura Blvd., Suite 800
   Encino, CA  91436
3  (818) 200-1495 Telephone
   (818) 574-6022 Fax
4  justin@westgatelaw.com

5  Attorney for Debtor
   Larry C. Johns



**FILED & ENTERED**

OCT 11 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

**NOT FOR PUBLICATION**        **CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION**

| In re: | Case No:  2:17-bk-16619-RK |
|---|---|
| Larry C. Johns, | Chapter 7 |
| Debtor. | **ORDER DENYING MOTION TO EXTEND TIME TO FILE A REAFFIRMATION AGREEMENT** |
| | **NO HEARING REQUIRED** |

~~Debtor filed motion to extend time to file a reaffirmation agreement on September 12, 2017 because, Debtor's submitted reaffirmation agreement had minor errors, thus the document was not filed in time and was rejected by the lender.~~

~~It is hereby **ORDERED** to extend time to file a reaffirmation agreement and close 30 days from the date this order was signed.~~

Pending before this court is Debtor's Motion to Extend Time to File a Reaffirmation Agreement, filed on October 2, 2017 ("Motion")(Docket No. 9), wherein Debtor requests that the court extend the "deadline" to file a reaffirmation agreement and that this case not be closed before October 12, 2017.  D. Justin Harelik, of Westgate Law, APC, represents Debtor.

Having considered the Motion, the court denies the Motion without prejudice and makes the following observations.  Debtor cites no legal authority in support of his Motion and does not explain what "deadline" he is asking the court to extend.  Presumably, Debtor is referring to as the "deadline" for filing the reaffirmation agreement the requirement of 11 U.S.C. § 524(c)(1) that a reaffirmation

agreement be made before a discharge is granted, or otherwise, the reaffirmation agreement is not enforceable. If this is what Debtor means, then this is not what the Motion is requesting, that is, an extension of some "deadline" to file the reaffirmation agreement and to delay closing of the bankruptcy is not requesting proper or effective relief. It should be emphasized that 11 U.S.C. § 524(c)(1) refers to when a reaffirmation agreement "was made" as opposed to "was filed", which is another statutory nuance which should not be overlooked (i.e., thus, it would appear that if the reaffirmation agreement "was made" before the granting of the discharge, the date when it "was filed" is not controlling). The court could grant the Motion and "extend" the deadline and not close the case, but this would do nothing to delay the granting of the discharge in this case, which would render any reaffirmation agreement made after the granting of the discharge legally unenforceable. Thus, the admonition that one must be careful of what one is asking for because one might get it applies here with force. It appears Debtor should be asking the court in the Motion to defer entry of the discharge order for 30 days pursuant to Federal Rule of Bankruptcy Procedure 4004(c). *See* 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 22:1918 at 22-237 (2016), *citing*, Fed. R. Bankr. P. 4004(c) and Adv. Comm. Note thereto ("**PRACTICE POINTER:** If a reaffirmation agreement cannot be reached prior to discharge, ask the court to *defer entry of the discharge order* for 30 days.") (emphasis in original). The court should not be left to guess what relief Debtor really seeks here because what he is asking for is not going to get him where he needs to go, and thus, the court denies the Motion without prejudice, and with leave to request proper and effective relief as discussed herein.

    IT IS SO ORDERED.

###

Date: October 11, 2017

_____
Robert Kwan
United States Bankruptcy Judge